UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVID MEYERS,

          Plaintiff,

v.                                                                             ACTION NO. 2:07cv363

UNITED STATES DISTRICT COURT
(Richmond Division), et al.,

          Defendants.

## DISMISSAL ORDER

Plaintiff, a federal inmate, brings this pro se action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), to redress alleged violations of his constitutional rights. Pursuant to 28 U.S.C. § 1915A[1], the court must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or

---

[1] 1915A. Screening
    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) Grounds for Dismissal. --On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.
    (c) Definition. -- As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Based upon careful consideration of plaintiff's pleadings, the court determines that dismissal of this action is appropriate under 28 U.S.C. § 1915A(b)(1).

Section 1915A(b)(1) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. In enacting 28 U.S.C. §1915A, Congress appropriated the familiar standard of review applicable to motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a plaintiff's complaint pursuant to the mandated screening process, therefore, the court applies the same standard. Under that standard, the facts alleged in plaintiff's pro se complaint must be taken as true. Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978). A pro se complaint, no matter how unartfully pleaded, must survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A pro se complaint involving civil rights issues should be liberally construed. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Dismissal may be appropriate where the complaint contains a detailed description of underlying facts which fail to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-08 (1976). However, where the complaint is broad, dismissal for failure to state a claim is improper. Bolding v. Holshouser, 575 F.2d 461 (4th Cir. 1978). Finally, where a pro se complaint contains a potentially cognizable claim, plaintiff should be allowed to particularize the claim. Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965).

The allegations contained in the complaint and in the amendment thereto are, in large part, nonsensical. Upon careful review of plaintiff's allegations, it appears that plaintiff is essentially

challenging the fact that United States District Judge James R. Spencer, the judge in plaintiff's criminal case, granted motions made by plaintiff's counsel to continue his criminal case and requesting further evaluation for competency to stand trial. See United States v. Meyers, Action No. 3:07cr85. Plaintiff has named as defendants to this action: the United States District Court for the Eastern District of Virginia, Richmond Division; his attorney, Kenneth C. Chrisman; Dr. Evan Nelson, a clinical psychologist; Dr. S. Channell, a physician at Federal Medical Center Devens; and Olivia Hawkins, an Assistant United States Attorney. Plaintiff seeks damages in the amount of $3,000,000.00.

As stated above, plaintiff names the United States District Court for the Eastern District of Virginia, Richmond Division as a defendant to this action. The court, as an entity, is clearly not a proper defendant to a Bivens action. Furthermore, to the extent plaintiff is asserting a claim against Judge Spencer, he has failed to state a claim. It is well established that judges are absolutely immune from liability for judicial acts that are not performed in clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); see Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam). "Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." Butz v. Economou, 438 U.S. 478, 511 (1978). Immunity is not lost because action is taken in error, done maliciously, or exceeded authority. Stump, 435 U.S. at 356.

Absolute immunity exists to help guarantee an independent, disinterested decision-making process. This protection prevents harassment and intimidation by precluding the possibility of lawsuits by disgruntled litigants. Butz, 438 U.S. at 512. Therefore, the requirements of judicial acts and jurisdiction must be broadly construed to further these policies when determining the scope of

judicial immunity. Holloway v. Walker, 765 F.2d 517, 523-24 (5th Cir. 1985). Here, the acts plaintiff complains of were clearly judicial.

Prosecutors are also absolutely immune from civil liability for actions taken while performing prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). Moreover, defense attorneys are not amenable to suit under § 1983. Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam).[2] The Supreme Court has found that public defenders do not act under color of state law when performing "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 324 (1981). In the present case, plaintiff takes issue with actions taken by the prosecutor and the defense attorney that were clearly within their traditional functions in a criminal trial.

Finally, plaintiff names two medical professionals who were apparently involved in evaluating plaintiff's competency to stand trial. Plaintiff asserts a litany of fanciful allegations against these defendants, including allegations of collusion and criminal behavior. However, upon review of plaintiff's complaint and the amendment thereto, it appears that plaintiff is essentially seeking to hold these defendants liable for following the court's order that plaintiff undergo a psychiatric examination. Such allegations clearly fail to state a claim of constitutional dimension.

For the aforementioned reasons, the court **FINDS** that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, this action is **DISMISSED**.

---

[2] "The effect of Bivens was, in essence, to create a remedy against federal officers acting under color of federal law, that was analogous to the § 1983 action against state officials." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995), citing Dean v. Gladney, 621 F.2d 1331, 1336 (5th Cir. 1980). Therefore, courts generally apply § 1983 law to Bivens cases. See Butz v. Economou, 438 U.S. 478 (1978).

Moreover, 28 U.S.C. § 1915(g) prohibits a prisoner from bringing a civil action or appealing a judgment in a civil action under § 1915 if "the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm." Accordingly, the court CAUTIONS plaintiff that this action was dismissed by the court for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff is ADVISED that this is his third strike. See Meyers v. City Treasurer, et al., Action No. 2:03cv248 (E.D. Va. Apr. 11, 2003); Meyers v. Bass, et al., Action No. 2:95cv774 (E.D. Va. Aug. 15, 1995).

Plaintiff may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order. If plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is DIRECTED to send a copy of this Dismissal Order to plaintiff.

IT IS SO ORDERED.

/s/
Robert G. Doumar
Senior United States District Judge

Norfolk, Virginia
Nov. 1, 2007

5